HILL v. GRANAT.

(Supreme Court, Appellate Term.   April 9, 1912.)

1. PRINCIPAL AND AGENT (§ 24*)—ACTIONS—JURY QUESTION.
   In an action for work and labor performed at the request of defendant, held a question for the jury whether defendant was personally liable, or was merely the agent of another.
   [Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 722, 723; Dec. Dig. § 24.*]

2. CONTRACTS (§ 51*)—CONSIDERATION.
   Where one who performed services as a stenographer rendered a bill for a stated amount, and the parties agreed on that amount as the price, an agreement to pay a higher price, based on the charge of another stenographer, was wholly without consideration, and could not be enforced.
   [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 223, 224; Dec Dig. § 51.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Thomas N. Hill against Louis Granat.   From a judgment for plaintiff, and an order denying his motion for new trial, defendant appeals.   Modified and affirmed.

Argued March term, 1912, before GUY, LEHMAN, and BIJUR, JJ

Leopold W. Harburger, for appellant.

J. S. & H. A. Wise, for respondent.

LEHMAN, J.   The plaintiff at defendant's request performed services as a stenographer at a hearing of the board of elections.   No price was agreed upon or mentioned.   After the work was completely

performed the plaintiff sent a bill for $89.27, and there is evidence sufficient to sustain a finding that this sum represents the reasonable value of the work. Before the work was paid for the plaintiff learned that the board of elections had employed one Stormont to take the minutes of its hearings, and that Stormont had rendered the board a bill for 50 cents a folio for the work performed by the plaintiff. Thereupon the plaintiff demanded that the sum of $114.12, or 25 cents a folio, be paid to him for his work. The sum of $45 has been paid on account, and the plaintiff has recovered judgment for the balance of $69.12 from defendant.

[1] The defendant urges that this judgment is erroneous, because he was only acting as agent for Stormont, and Stormont alone is liable, and also because there is no proof that the reasonable value or agreed price of the services was $114. While apparently it is true that defendant was only the agent of Stormont, it does not conclusively appear that after plaintiff learned this fact he ever elected to hold Stormont in place of defendant. This presented a fair question of fact, which the jury has resolved in favor of the plaintiff.

[2] I think, however, that the verdict is excessive. The plaintiff sent a bill after the work was done for $89.27, and he does not contend that this is not the reasonable value of the work. He relies for the higher price upon the claim that several months thereafter, when he learned that Stormont had demanded 50 cents a folio, the defendant agreed to pay him at the rate of 25 cents a folio. The parties had already agreed that a lower price represented the reasonable value, and the agreement to pay a higher price was absolutely without consideration.

Judgment should be reduced to $44.27 and costs, and, as modified, affirmed, without costs of this appeal. All concur.